# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| *In re Red Roof Inns, Inc. Data Incident Litigation* | Case No.: 2:23-cv-04133-SDM-CMV<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge Chelsey M. Vascura<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**WHEREAS,** a consolidated class action is pending in this Court entitled *In re Red Roof Inns, Inc. Data Incident Litigation*, Case No. 2:23-cv-04133-SDM-CMV (the "Action");

**WHEREAS**, Plaintiffs REBECCA RICHARDSON, VAIL PINKSTON MCCALL and VIOMAR SENA, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant RED ROOF INNS, INC. ("Red Roof" or "Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, Plaintiffs have made an application for an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing RG2 Claims Administration LLC as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. <u>**Class Certification for Settlement Purposes Only**</u>. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All individuals residing in the United States who were sent notification by Red Roof that their Personal Information was potentially compromised in the Data Incident.

The Settlement Class includes approximately 27,327 people. The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Red Roof, its subsidiaries, parent companies, successors, predecessors, and any entity in which Red Roof or its parents have a controlling interest and their current or former officers and directors; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

2. <u>**Class Findings**</u>:  The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class

Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to the Settlement Class predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3. **Class Representatives and Settlement Class Counsel**: REBECCA RICHARDSON, VAIL PINKSTON MCCALL and VIOMAR SENA are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel: Terence R. Coates of Markovits, Stock & DeMarco, LLC, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Raina Borrelli of Strauss Borrelli PLLC, and Tyler J. Bean of Siri & Glimstad LLP.

4. **Preliminary Settlement Approval**. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.  Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(a) have the class representatives and class counsel adequately represented the class;

(b) was the proposal negotiated at arm's length;

3

    (c)    is the relief provided for the class adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorneys' fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (d)    does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of arm's length negotiations conducted under the auspices of mediator Bennett G. Picker; (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data breach class action settlements and has been found to be effective in these types of settlements, and (iii) the conditions under which the Parties may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

    5.    **Final Approval Hearing**. A Final Approval Hearing shall be held at 10:00 a.m. on August 5, 2025, at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class; (b) to determine whether a proposed Judgment substantially in the form annexed to the Settlement Agreement as Exhibit 6 should be entered dismissing the Action with prejudice against Defendant; (c) to

determine whether the motion of Settlement Class Counsel for a Fee Award and Costs should be approved; (d) to determine whether the motion of the Class Representatives for Service Award Payment(s) should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

7. **Retention of Settlement Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain RG2 Claims Administration LLC (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set for more fully below. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

(a) Within ten (10) days of this Order, Defendant shall provide the Class Member Information List to the Settlement Administrator;

(b) As soon as practicable following entry of this Order, the Settlement Administrator shall establish the Settlement Website and Settlement Toll-Free Number as set forth in the Settlement Agreement;

(c) Within thirty (30) days of this Order, the Settlement Administrator shall disseminate the Short Form Notice via U.S. mail to all Settlement Class Members. At that time, the Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.

8. **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Short Form Notice, the Long Form Notice, Claim Form, and Reminder Notice attached to the Settlement Agreement as Exhibits 1, 2, 3 and 4, and as modified by the Parties and filed with the Court on January 24, 2025 (ECF No. 25), and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representatives' request(s) for Service Award Payment(s), of their right to object to the Settlement, Class Counsel's request for Fee Award and Costs, and/or Class Representatives' request(s) for Service Award Payment(s), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

9. **Participation in the Settlement**. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form, and must do so within sixty (60) days after the Notice is issued to the Settlement Class Members.  If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim

Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

10. **Claims Process and Distribution and Allocation Plan**. Class Representatives and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

11. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days after the Notice Deadline** (the "Opt-Out Deadline"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the

claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed to the Settlement Administrator, post marked no later than **60 days after the notice deadline** as specified in the Notice and Paragraph 71 of the Settlement Agreement. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 71 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

13. Any Settlement Class Member who fails to comply with the provisions in Paragraph 12 may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement

8

if a Final Approval Order and Judgment is entered. If a Final Approval Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Award Payment(s), or the motion for Fee Award and Costs.

14. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16. **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out

or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

17. **Settlement Administration Fees and Expenses**. All reasonable costs incurred with notifying Settlement Class Members of the Settlement and administering the Settlement shall be paid as set forth in the Settlement Agreement.

18. **Settlement Fund**. The contents of the Settlement Fund shall be deemed and considered to be *in custoda legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19. **Taxes**. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

20. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

21. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

>**Notice Deadline**: May 8, 2025
>**Motions for Service Awards and Attorneys' Fee Award and Costs**: June 7, 2025
>**Opt-Out Deadline**: 60 Days after Notice is sent to the Settlement Class

**Objection Deadline**: 60 Days after Notice is sent to the Settlement Class

**Claims Deadline**: 60 Days after Notice is sent to the Settlement Class

**Final Approval Hearing**: August 5, 2025

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　/s/ Sarah D. Morrison
　　　　　　　　　　　　　　　　　　　　　　SARAH D. MORRISON, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

11